## CIRCUIT COURT OF FAIRFAX COUNTY

Kenneth Clark

v.

Ourisman Fairfax, Inc.,
t/a Ourisman Fairfax Toyota

May 29, 2002

Case No. (Law) 194764

BY JUDGE R. TERRENCE NEY

This matter comes before the Court on Defendant Ourisman Fairfax's Motion to Set Aside the Jury Verdict and/or Motion to Strike and/or for Remittitur and Plaintiff Kenneth Clark's Request for Attorney's Fees.

This case was tried before a jury beginning March 4, 2002. Clark sued Ourisman for fraud, constructive fraud, and violation of the Virginia Consumer Protection Act ("VCPA") arising out of his purchase of a used vehicle from Ourisman. This Court granted Ourisman's Motion to Strike Clark's fraud claim and the case was submitted to the jury only on the constructive fraud claim and violation of the VCPA. The jury returned a verdict for Clark in the amount of $16,762.62.

Clark testified that on July 16, 1997, he visited Ourisman's auto dealership and expressed an interest in a 1991 Toyota 4Runner. Clark testified that he inquired of a mechanic at the dealership whether the car had been in an accident and was told that it had not. Clark purchased the vehicle for $14,009.83.

After acquiring the vehicle, Clark testified he began experiencing problems with it. He said that he spent an additional $6,000 in attempting to repair the car and on taxes and insurance for it. As of the time of trial, Clark had driven the vehicle approximately 52,000 miles. Clark presented evidence that the car had in fact been in an accident before it was sold to Ourisman.

Ourisman presented evidence that it sold the Toyota to Clark "as is" and that Clark had forty-eight hours in which to inspect the vehicle and return it if he wished to do so. Ourisman presented evidence that it understood the car to have been accident-free at the time of the sale. Ourisman conducted a computer search, Carfax, prior to acquiring the vehicle to determine if in fact that car had been in an accident, and the search results indicated that it had not. A subsequent Carfax search, after Ourisman learned of the alleged prior accident, also failed to reveal any evidence of a prior accident.

After deliberating, the jury found in favor of Clark and awarded damages.

Ourisman asks this Court to set aside the jury's verdict based on the fact that any misrepresentation made to Clark was unintentional, thereby relieving Ourisman of liability. Under the VCPA, a party is not liable for misrepresentations that were made unintentionally.

> *Unintentional violations.* — In any case arising under this chapter, no liability shall be imposed upon a supplier who shows by a preponderance of the evidence that (i) the act or practice alleged to be in violation of § 59.1-200 was an act or practice of the manufacturer or distributor to the supplier over which the supplier had no control or (ii) *the alleged violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid a violation*; however, nothing in this section shall prevent the court from ordering restitution and payment of reasonable attorney's fees and court costs pursuant to § 59.1-204 B to individuals aggrieved as a result of an unintentional violation of this chapter.

Virginia Code § 59.1-207 (1995) (emphasis added).

The Court instructed the jury on this very point. The jury had before it conflicting evidence as to whether or not Ourisman had made a bona fide error in representing that the car had not been in an accident. The jury clearly rejected Ourisman's argument that any misrepresentation made was unintentional by its award of damages to Clark. The Court will not set aside the verdict in its entirety.

However, the jury misapplied the law in coming to its verdict. The problems with the jury's verdict are three-fold. First, the jury failed to account for Clark's prolonged use of the vehicle when it set the amount of his damages. Clark drove the vehicle for 52,000 miles and retains the vehicle to this day. His use and enjoyment of the vehicle for more than three years should seemingly be valued at more than the approximate $3300 deduction

applied against Clark's damages. On the other hand, however, Ourisman offered no evidence as to the value to Clark of the use of the car for three years and 52,000 miles. As a result, the Court will not disturb the jury's finding as to damages.

Second, the jury awarded prejudgment interest from March 13, 1998, a date that makes no sense given the fact that Clark still has the vehicle, it is registered and has a current inspection sticker, and it can be driven at this time. Virginia Code § 8.01-382 states "In any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, *and fix the period at which the interest shall commence*. The judgment or decree entered shall provide for such interest until such principal sum be paid." (Emphasis added.) Although the statute gives a jury broad discretion to award interest, plainly the Court has a responsibility to ensure that the jury's award of interest in its verdict is sufficiently founded on the evidence and the law. *See generally Smithey v. Refining Co.*, 203 Va. 142, 148, 122 S.E.2d 872, 877 (1961).

There is no basis in law or fact for the jury's decision to award interest to Clark from March of 1998. Clark retained the car and continued to use it after Clark and Ourisman could not resolve the matter. Clark was not damaged as a result of Ourisman's refusal; rather, he was injured as a result of Ourisman's misrepresentations at the time of sale. Therefore, the jury's award of prejudgment interest is set aside.

Finally, the jury's award permits Clark to retain the vehicle, as well as recover damages for his injury. It is a fundamental principle of law that if a contract is procured out of fraud, even constructive fraud, the party is entitled to a rescission of the contract in equity or damages at law. *See McDaniel v. Hodges*, 176 Va. 519, 11 S.E.2d 623 (1940). He may not receive both.

In this case, Clark sued Ourisman for damages resulting from receiving a good with different characteristics than he believed he purchased. As a result of the jury's verdict, Clark received more than the purchase price of the vehicle, his costs associated with owning it, yet still retains the vehicle. This verdict does not put the parties where they were absent the fraud or where they would have been had the contract been fully and completely performed. Rather, it places Clark in a superior position than he would have been in. Therefore, the jury's verdict is inconsistent with Virginia law and should be set aside.

As a result, the Court rules as follows. Clark's Motion for Attorney's Fees is granted; Clark is awarded $5,000.00. Interest on the judgment shall run from the judgment date, March 6, 2002. Clark may receive the judgment amount but only if he first returns the truck to Ourisman.

If Clark rejects these terms, which are in the nature of a remittitur other than the award of attorney's fees, then the Court will set aside the verdict and order a new trial.